In re Michael J. COULSON and
Hannah R. Coulson, Debtors.

BOATMEN'S NATIONAL BANK OF
BELLEVILLE, Appellant.

v.

Michael J. COULSON and Hannah R.
Coulson, Appellees.

Bankruptcy No. 86–4908–C.
No. 87–4356–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Oct. 20, 1987.

Jack N. Bohm, Kansas City, Mo., for appellant.

Gwendolyn Froeschner, Columbia, Mo., for appellees.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

This is an appeal from an order by Bankruptcy Judge Frank W. Koger in which the Bankruptcy Judge denied appellant Boatmen's National Bank's complaint seeking non-discharge of a debt owed by debtors Michael Jerry Coulson and Hannah Rose Coulson. Essentially, appellant alleges that the Bankruptcy Judge erred in not allowing appellant to amend its complaint. However, for the following reasons, the Court concludes that the Bankruptcy Judge's denial of appellant's complaint must be affirmed.

### Factual Background

On February 2, 1987, appellant Boatmen's National Bank of Belleville ("Boatmen's") filed a complaint in the Central Division of the Bankruptcy Court for the Western District of Missouri in which appellant sought to determine the dischargeability of a debt owed by appellees-debtors Michael J. and Hannah R. Coulson on a Visa credit card open-end account. The complaint alleged that the debtors, husband and wife, made substantial charges on the account with the balance at the time of filing of $2,654.03, and stated that a payment was made on October 5, 1986, in the amount of $60.00. Paragraph three of the complaint stated that appellant made cash advances on behalf of debtors in excess of $1,000 within twenty days before the order for relief was entered in this case, and that the indebtedness to appellant was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).[1]

The credit card in question was applied for on July 14, 1986. The petition for Chapter 7 Bankruptcy was filed on November 12, 1986. In their answer to appellant's complaint, appellees admitted their indebtedness to Boatmen's, but denied that the indebtedness was non-dischargeable under 11 U.S.C. § 523(a)(2)(C), the section of the Bankruptcy Code specifically pled by appellant.

A hearing was held in this matter on March 18, 1987, before United States Bankruptcy Judge Frank W. Koger. At this hearing, appellant called only two witnesses—Ms. Deborah McQuade, a bank card collection supervisor at Boatmen's National Bank of St. Louis, and Mrs. Hannah R. Coulson, wife of debtor Michael J. Coulson.

Ms. McQuade testified that the account in question was opened on August 6, 1986,

---

**1.** Section 523 (exceptions to discharge) provides, in pertinent part, that:

"(a) A discharge under ... this title does not discharge an individual debtor from any debt—

....

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

....

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for 'luxury goods or services' incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable; 'luxury goods or services' do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor ..."

11 U.S.C. § 523 (Supp.1987).

Appellant specifically plead its complaint under § 523(a)(2)(C).

with an initial credit line of $800.00. Ms. McQuade also produced for the Court microfilm and charge tickets demonstrating the activity on this account from August 30, 1986, to November 8, 1986. Ms. McQuade's testimony indicated that there were a substantial number of charges during this period and that all of the charges were under $50.00. According to Ms. McQuade, the policy between the bank and the merchants was that a merchant only had to call in for authorization if the charge was over $50.00, unless it was for an airline ticket, motel or rent-a-car.

During appellant's counsel's examination of Ms. McQuade, the following colloquy took place between counsel and the Bankruptcy Judge:

"Q: (By Mr. James M. McNeile) In reviewing the statements of account, did you bring with you photocopies of the statements which would have been sent to the Coulsons?

A. Yes.

Q. And what did those photocopies reflect for an opening balance on their first statement?

A. Okay, on the first statement that they received their opening balance was $682.36.

Q. And was any payment received on that statement?

A. Not on this statement.

Q. Okay, and what were the dates of charges on that statement and who were the merchants?

A. Okay—

MS. FROESCHNER (debtors' counsel): Your honor, I would object to that on the basis that that doesn't go to the allega-

tions in the petition here as to nondischargeability.

MR. McNEILE: Your Honor—

MS. FROESCHNER: It's not within the time period that we're discussing here.

MR. McNEILE: Your—

THE COURT: Just a second, let me see what it is she's talking about. Well, I have to say I think she has a point. The—I believe you've only pled 523(a)(2)(C). Is that—am I in error or am I misreading your complaint?

MR. McNEILE: No, Your Honor, but in reviewing the various documents which had to be pulled due to the time constraints and the length of time involved in pulling these documents, we would like to present evidence not only of the initial 523(a)(2)(C), but of other possible fraud in procuring credit, which goes back to the very beginning of the account.

MS. FROESCHNER: Your Honor, I would object to that on the basis they're past the time for filing a complaint on that basis.

THE COURT: Well, the other problem is, and Ms. Froeschner is quite right, unless she objects—unless I sustain it, if the evidence comes in you can always then move to amend your petition to include any cause of action proved by the evidence that's been introduced. Now since Ms. Froeschner has objected and would be subject to that situtation, I'm going to have to rule against you. Her objection is sustained as to anything outside of a 523(a)(2)(C) objection to dischargeability." [2]

Thus, the Bankruptcy Judge limited the presentation of evidence concerning the ac-

---

**2.** Judge Koger appears to have been referring to Rule 15(b), Fed.R.Civ.Pro., which provides:

"When issues not raised by the pleadings are not tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made *upon motion* of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a *continuance to enable the object-ing party to meet such evidence.*" (emphasis added)

tivity of this charge account to the 40–day period immediately preceding the debtor's filing of bankruptcy. The total charges during this time period, according to Ms. McQuade, amounted to $1,785.24.

Appellant's counsel next called Mrs. Hannah Coulson to testify. Mrs. Coulson testified that her husband Michael Coulson lost his job due to a back injury in October, 1986, and that the debtors used the card after October, 1986, in order to eat and to buy the necessities of life, like clothing for her, her husband and children, gasoline and other items for the car. When asked by appellant's counsel if there was any specific reason for making multiple trips on the same day to the store, Mrs. Coulson replied, "No, I just did." (Transcript, pg. 16, line 25).

After both parties rested following the testimony of these two witnesses, Judge Koger made the following oral ruling:

"THE COURT: Well, the Court, under 523, theoretically is supposed to look into its crystal ball and determine intent. And of course I have no idea what the intent of the parties was, but based on the evidence, had this been pled as a general fraud the Court would have found the Coulsons not dischargeable. However, the plaintiff bank chose to plead under 528—523(a)(2)(C) which was one of the '84 amendments to the Bankruptcy Code. In addition, the bank chose to plead only cash advances in excess of $1,000 within 20 days of the filing of the petition. Ms. Froeschner very properly and very professionally objected to the introduction of any other testimony and the Court by the federal rules of procedure was obliged to sustain her objections because to do otherwise would allow the plaintiff then later to amend the pleadings to conform to the evidence. Therefore, Ms. Froeschner, believe it or not, this one I feel bad about because I think the Coulsons loaded up on the Mercantile Bank of Belleview's card, and I don't care whether it was an intentional loading up without intent to pay or whether it was an unintentional loading up without any ability to pay, I don't think it's right to use the bank that way

and come rolling into bankruptcy that quick and discharge the debts. I don't think much of it. However, Ms. Froeschner, I totally believe your legal services have been of great value and the petition of the—or the complaint of the bank will be denied."

On March 27, 1987, appellant moved to alter the judgment or, in the alternative, for a new trial, essentially alleging that the Court erred in disallowing appellant's oral motion to amend its petition to conform to the evidence, and by not allowing evidence of fraudulent credit card charges made prior to the 40 days preceding the time the bankruptcy was filed. Appellant also alleged that the judgment was against the weight of the evidence.

On March 30, 1987, the Bankruptcy Judge entered its written order denying appellant's complaint. More specifically, the order stated:

"This adversary action as to dischargeability under Section 523 was pleaded specifically under Section 523(a)(2)(C) alleging cash advances in excess of $1,000.00 within 20 days of the filing of the petition for relief. When creditor sought to introduce evidence that very likely would have caused the Court to rule that the debt was not dischargeable under Section 523(a)(2)(A), debtors' counsel properly objected and was sustained. *Counsel for the creditor did not seek to amend the complaint.* Although there were indications that from August 30, 1986 (the date of the first charge on the new account) until November 12, 1986 (the date of the filing), husband was unemployed and the debtors had neither means nor hope of repayment, that was not what was pleaded nor relied on by the creditor. There was absolutely no evidence of any cash advance made by debtors, much less an advance of more than $1,000.00 within 20 days of the filing. Even if the Court stretched the pleadings to encompass the 40–day–$500.00 luxury goods purchases theory under Section 523(a)(2)(C), there was no proof of that theory." (emphasis added)

On April 3, 1987, the Bankruptcy Judge entered its Order overruling appellant's motion to alter the judgment or for a new trial. In overruling these motions, the Court noted that: "Plaintiff indicates that the Court erred in disallowing plaintiffs' oral motion to amend the petition to conform to the evidence. The Court does not recall such a motion being made." Bankruptcy Judge's April 8, 1987 Order, pg. 1.

Appellant timely filed its appeal to this Court on April 15, 1987.

### Discussion

On appeal, appellant essentially raises two points. First, appellant argues that the Bankruptcy Judge abused his discretion by not allowing appellant to amend its complaint to conform to the evidence of extension of credit obtained by false pretenses, false representation and fraud. Second, appellant argues that the issue of fraud was tried by implied consent of the parties and, thus, should have been treated in all respects as if it had been raised in the pleadings, even absent amendment, and that the judge should have found the debt nondischargeable because of fraud. However, for a number of fundamental reasons, the Bankruptcy Judge's decision must be affirmed.

■ To begin with, as to appellant's first contention, the Bankruptcy Judge did not err since, as noted in that Court's March 30, 1987 and April 8, 1987 orders, this Court cannot find anything in the record to indicate that appellant's counsel moved, either orally or otherwise, to amend the complaint to allege fraud under § 523(a)(2)(C). While appellant's counsel sought to introduce evidence of fraud at the hearing, appellees' counsel timely objected to the introduction of such evidence as being irrelevant based on what appellant had pled, and the Bankruptcy Judge correctly sustained that objection. At that point, appellant's counsel could have, and should have, sought leave pursuant to Rule 15(a)[3], Fed. R.Civ.Pro., to amend appellant's complaint. This appellant's counsel did not do. It is unclear from the record whether or not the Bankruptcy Judge would have allowed appellant to have amended the complaint, and if not, whether his failure to do so would have been an abuse of discretion. However, in light of the fact that appellant's counsel never moved to amend the complaint, either orally or in writing, then there could have been no abuse of discretion as to this issue.

■ As to the question of whether the Bankruptcy Judge should have allowed the introduction of evidence of fraud over the objection by appellees' counsel, the Bankruptcy Judge was bound by what appellant pled, and absent any amendment by appellant, the question of fraud under § 523(a)(2)(A) was indeed irrelevant, making the Judge's exclusion of such evidence proper.

■ Furthermore, appellant's claim that the issue of fraud was tried by implied consent of the parties is without merit, given the fact that the record clearly shows that appellees' counsel objected to the introduction of such evidence, and this objection was sustained by the Bankruptcy Judge. Thus, the decision of the Bankruptcy Judge must be affirmed, this Court finding no abuse of discretion.

Accordingly, it is hereby

ORDERED that the decision of the Bankruptcy Court is affirmed. It is further

ORDERED that the parties shall bear their own costs.

3. Rule 15(a) provides that:
"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."